## THE STATE v. SIMON MINTZ, Appellant.

### Division Two, November 13, 1912.

CRIMINAL LAW: Testimony of Coindictee: Credibility: Cautionary Instruction. Sec. 5242, R. S. 1909, giving the State the right to show, for the purpose of affecting his credibility, that a defendant who has taken the stand is the person on trial, does not include the case of a coindictee, not on trial, testifying as a witness, and it is error warranting a reversal for the court to instruct that such an one is a competent witness for the defendant, "but the fact that he is jointly indicted and his interest, if any, in the result of the case, may be considered by you in determining the credibility of his testimony—yet, as a whole, you should receive and consider his testimony like that of any other witness," etc.

Appeal from St. Louis County Circuit Court.—*Hon. John W. McElhinney*, Judge.

REVERSED AND REMANDED.

*A. E. L. Gardner, Grant Gillespie* and *Thomas B. Harvey* for appellant.

The court erred in directing the attention of the jury to Meyers, a witness for the defendant, pointing him out, commenting upon his testimony and warning the jury regarding his credibility. The witness was a coindictee of appellant, but he had taken a severance and was not upon trial with appellant. Yet the court gave the aforesaid instruction as if he was upon trial

and which would have been proper under the decision of this court. All of such decisions, however, beginning with the case of State v. Maguire, 69 Mo. 197, justify the giving of such an instruction with reference to the testimony of the defendant, on the sole ground that Sec. 5242, R. S. 1909, authorizes it. It will be observed from the reading of the aforesaid section, however, that it relates only to "the person on trial or examination" and neither said section nor any other section of our code attempts to authorize or justify the court in giving an instruction relative to the testimony of any person except the one on trial or the husband or wife of the person on trial. We hardly think that it will be contended by the Attorney-General that the court is permitted to call the attention of the jury to a particular witness and remind them of the fact that the witness has an interest in the case; but we will cite a few recent and pertinent cases decided by this court and upon this point. Stetzler v. Railroad, 210 Mo. 712; Zander v. Transit Co., 206 Mo. 461; Huff v. Railroad, 213 Mo. 515; Montgomery v. Railroad, 181 Mo. 477; Conner v. Railroad, 181 Mo. 415; Shepard v. Railroad, 189 Mo. 362; Quinn v. Railroad, 218 Mo. 555. We don't apprehend that it will be contended that the rule in regard to instructing upon the credibility of witnesses is different in criminal procedure from that in civil procedure; indeed, if there is any difference, the rule should be more strictly enforced in regard to criminal evidence, as was well said by this court in the case of State v. Martin, 229 Mo. 641.

*Elliott W. Major,* Attorney-General, *Campbell Cummings* and *John M. Dawson,* Assistant Attorneys-General, for the State.

Instruction 14 told the jury they should receive and consider the witness Meyers's testimony like that

of any other witness, and subject to the same rules as explained in the other instruction. State v. Hunt, 91 Mo. 491; State v. Gatlin, 170 Mo. 354; Underhill on Crim. Ev. (2 Ed.), Sec. 70.

BLAIR, C.—Convicted of burglary in the second degree and larceny, defendant was by the circuit court of St. Louis county sentenced to serve four years in the penitentiary and has appealed.

Defendant was indicted jointly with Michael O'Connor and George Meyers but was separately tried. Meyers, who had not yet been put upon his trial, testified in defendant's behalf, denying any conspiracy with defendant, or any other person, to commit the crime charged, denying complicity in it and also denying any personal acquaintance with defendant. The State's theory was, and its evidence tended to show, that the three coindictees, with another, conspired to commit the offense and that Meyers and O'Connor did the actual breaking, entering and stealing, the part of Mintz being to gather up the goods thrown from a moving car by them.

With respect to Meyers's testimony the court, over defendant's objection, gave the jury the following instruction:

"The witness George Meyers, although jointly indicted with the defendant Samuel Mintz, is a competent witness on behalf of said defendant, Mintz; but the fact that he is jointly indicted and his interest, if any, in the result of the case, may be considered by you in determining the credibility of his testimony. Yet, as a whole, you should receive and consider his testimony like that of any other witness and subject to the same rules as explained in other instructions."

It is earnestly insisted that the giving of this instruction constituted reversible error. An instruction identical in character but, in terms, applicable solely to a defendant on trial was held not erroneous in

State v. Maguire, 69 Mo. l. c. 202, 203, on the ground that there was no impropriety in giving it since ''men of sufficient intelligence to sit upon a jury need not be told that the fact that one is on trial for crime may be considered by them in determining the credit to be given by them to his testimony.'' On the authority of this decision, like instructions have been held innocuous in numerous subsequent cases. As late as State v. McDonough, 232 Mo. l. c. 228, it was said by this court, with respect to a similar instruction: ''This instruction has been given in criminal cases in the courts of this State for over thirty years. It has been considered and approved by this court in many cases and we are unwilling to hold that the trial court committed reversible error in giving it in this case.''

The correctness of these decisions is not assailed by counsel but it is urged that whether sound or otherwise they are not in point because the decision in the Maguire case, upon which the series is founded, was grounded upon the statute (R. S. 1909, Sec. 5242) which removed the ban of incompetency from the testimony of a defendant in a criminal case, while, it is declared, no statute is available as the basis of a like rule and like instruction in the case of a codefendant, not put upon his trial, who testifies for a defendant jointly indicted with him.

At common law ''one of two or more joint defendants cannot be a witness for or against another, even on a separate trial, until the case as to himself is disposed of, by plea of guilty, or a verdict of conviction or acquittal or a discharge on a plea in abatement.'' [State v. Chyo Chiagk, 92 Mo. l. c. 402, quoting 1 Bishop, Crim. Proc., Sec. 1020.] In that case (407, *et seq.*) it was held that the identical clause of the identical section (then Sec. 1918, R. S. 1879) which rendered the defendant competent as a witness, and which had been mentioned in discussing the instruction as to the defendant complained of in the Maguire

case, was the section and clause which changed the common law rule and rendered a codefendant competent to testify in behalf of one jointly indicted with him. The court in that case (l. c. 407, 408), in order to avoid absurdity, construed the words "person on trial or examination" to include a codefendant *not* on trial or examination and has uniformly adhered to that construction, to which silence has for over two decades evidenced legislative consent. That construction, nevertheless, does not destroy all difference between a defendant on trial and a codefendant testifying for him nor does it increase or diminish the interest of either in the result of the trial. The Maguire case simply holds harmless the instruction there considered and later cases go little further. The practically invariable appearance of that instruction (as to the *defendant* on trial) in transcripts in criminal cases is somewhat singular in view of the fact that its uselessness is all that saves it from condemnation and in view of the further fact that when it first appeared in this court it was, in effect, declared an insult to the intelligence of the jury to which it was given. Like instructions have not always escaped with even the mere "left handed compliment" paid that in Maguire's case (State v. Barrington, 198 Mo. l. c. 126, 127), and are not tolerated in civil cases. [Stetzler v. Railroad, 210 Mo. l. c. 713, 714.] So far such instructions have been applied solely to a defendant on trial in a criminal case.

We are asked now to sanction the extension of the principle, if such it can be called, to a new and different class—codefendants not on trial. The reasons (quoted) which have induced the mere refusal to reverse when like instructions have been applied to defendants on trial would seem not to be of a character to produce the firmest conviction that they may, without question, be applied to other classes of witnesses. The interest of a defendant on trial in the result of

the case and the interest of a codefendant who testifies for him are different things. As to the former the verdict settles the question of life or liberty. As to the latter the measure of his chief interest would seem to be the difference between the value to him, when he comes to be tried, of the then defendant's testimony as affected by acquittal or conviction in the case on trial. This difference is considerable and though the interest of the actual defendant in the result be said to be so great and so apparent that he who runs may read and, consequently, no harm comes to him because the court notes it and needlessly tells the jury of it, yet in the case of the codefendant whose interest is equally apparent but much less in intensity, has the court the right to point at him its warning finger and, in effect, place him, with respect to the degree to which his credibility is to be impaired by his interest, in the same category with the defendant himself? This is exactly what it does by giving the instructions as to the two. In fact the same instruction may include them both, if the instruction in this case is to be approved.

The fact that the statute referred to, as always construed, includes alike the defendant on trial and a codefendant not on trial, does not, of itself, make the decision in State v. Maguire and subsequent like cases authorities in the present case, that statute in nowise *affirmatively* authorizing any separate instruction as to the credibility of any one within its purview, the ground of the decisions mentioned being merely that the obviousness of a defendant's interest renders the instruction as to him harmless as well as useless and there being a marked difference between the interest of a defendant on trial and that of a codefendant who testifies for him. In truth the statute, so far as now pertinent, merely lays down a rule of evidence and cannot be said to authorize giving a specific instruc-

tion as to the credence to be accorded any of those
whom it renders competent as witnesses. It has no
more of such efficacy than has any other rule admit-
ting impeaching evidence, whether such rule emanates
from a legislative or common law source. The in-
struction in this case is a dangerous one and opens the
way to grave abuses. It gives too much weight to the
mere fact of indictment. It goes to the jury as indu-
bitable proof that the judge of the court and the law
itself look with suspicion upon the witness pointed
out. The closing sentence "on the whole," etc., does
not cure the error, and serves no purpose save to show
that in the draftman's consciousness there struggled
toward the light the conviction that the instruction
in some way was wrong and its first declaration ought
to be qualified. The result was contradiction and ab-
surdity. What has been said is put distinctly upon
the ground that though such an instruction may be
harmless as to a defendant on trial, its effect upon
the testimony of a coindictee testifying in a case in
which he is not on trial presents a different question
for decision.

The rule requiring cautionary instructions to be
given concerning the care with which the jury should
scrutinize the testimony of an accomplice who testi-
fies for the State, furnishes no support for the instruc-
tion given in this case concerning the testimony of a
coindictee. That rule is based upon the fact that one
who goes upon the stand at the State's instance and
confesses his infamy is to an extent impeached from
his own lips, and that there is grave danger that such
a one may, in order to escape the punishment he con-
fesses he deserves, substitute another as the actual
perpetrator of the crime. [State v. Chyo Chiagk, su-
pra.] A coindictee, testifying for his codefendant and
denying all complicity in the crime, is obviously in no
such situation, and if his testimony is open to sus-
picion it is for entirely different reasons.

The complaint made of the action of the trial court in putting appellant upon his trial on several counts need not be discussed since all but one of the burglary and larceny counts were dismissed and defendant was found not guilty on the count charging him with receiving stolen property. The question cannot arise on another trial. Also, the court will doubtless obviate, on a retrial, the objection now made that it failed to give an "alibi" instruction. [State v. Bobbitt, 228 Mo. l. c. 268, *et seq.*] Other matters are mentioned in the briefs but become unimportant in view of what has already been said.

The judgment is reversed and the cause remanded. *Roy, C.,* dissents.

PER CURIAM.—The foregoing opinion is adopted as the opinion of the court in so far as it reverses the judgment and remands the cause for prejudicial error in giving the cautionary instruction as to the testimony of the codefendant. Such an instruction has been held proper as to the testimony of the defendant on trial many times by this court, but it has been so held because, as said in the case of State v. Maguire, 69 Mo. l. c. 202: "The instruction simply declares the law. The statute authorizing the accused, in criminal cases, to testify in his own behalf, provides that the fact that he is the person on trial 'may be shown for the purpose of affecting his or her credibility.' It certainly gives the jury, if properly composed, no information. And the legal proposition it asserts is incontrovertible." The statute giving the State the right to show that the defendant is the person on trial or the husband or the wife of such person "for the purpose of affecting the credibility of such witness," does not include the case of a codefendant testifying as a witness. And while we have construed the statute as authorizing a cautionary instruction as to the testimony of the person on trial,

or the husband or wife of such person, the statute affords no basis for such an instruction as to a codefendant, nor, so far as we are advised, has such an instruction ever been approved by this court.